DowNet, Judge,
delivered the opinion of the court:
The plaintiff seeks to recover a fair profit as compensation to it for the production of 500 aircraft propellers called for by a Navy order and modification thereof made a part of the findings by reference. It was paid the ascertained cost of production and was tendered a profit thereon of 1 per cent, which it declined.
This order followed a cost-plus contract which had been made by the Navy Department with the plaintiff under which the plaintiff was paid, in accordance with a provision of that contract, a profit of 15 per cent on the cost of production, and because of the basis upon which the Navy Department proceeded in attempting settlement under this order, which is also the basis upon which this action is here defended, the findings herein made incorporate features *179 of that contract. Plaintiff’s suit on that contract, being No. 174-A, is this day decided. (Ante, p. 167.)
In determining an award to plaintiff in this matter the Navy Department reverted to that contract, reviewed the provisions thereof with reference to advanced funds for operating expenses, the acquisition of a plant, etc., and, apparently because of the assistance rendered to the plaintiff in accordance with the terms of that contract, concluded that it should have but a ridiculously meager profit on the cost of producing the propellers here involved. If that contract might be reverted to for any purpose in the determination of plaintiff’s rights under this order, fairness would seem to require recognition of the fact that whatever was done by the United States in that respect was in accordance with the provisions of the contract, that such inducements were for the purpose of building up a plant and organization to produce propellers needed in an emergency, that such method of accomplishing the Government’s purpose was common and justified by the necessities, and more than all of that, that the money advanced was repaid with interest, and that the plant purchased was taken over by the plaintiff at a price in excess, so far as appears, of its cost to the United States. The attitude of the department in this matter was so unjustified that we find difficulty in giving it any serious consideration.
The compensation to the plaintiff by way of profit on cost of production of the propellers called for by the contract was provided for in the contract and nothing appears to indicate that it was otherwise than reasonable. If, with the Navy Department’s views as to the consideration to be given to the matter of aid furnished, that profit was a reasonable one under the contract, how much the more is it to be regarded as wholly within the bounds of reasonableness as applied to the performances of the order here involved in connection with which the plaintiff proceeded upon its own resources. But the whole view taken of the matter was wrong. In return for the aid furnished under the contract the plaintiff assumed heavy burdens and discharged its obligations. And it may not, if this line of discussion is at all pertinent, be inappropriate to say that, as appears from *180 the findings in that case and our conclusion therein, the plaintiff did not escape rather severe treatment.
But irrespective of procedure in that matter the plaintiff is entitled to a reasonable profit on the production of the propellers called for by the Navy order here involved, and we have awarded judgment accordingly.
Judgment for plaintiff in the sum of $16,099.35.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.